UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23420-CIV-GOODMAN

**[CONSENT CASE]**

KATCHMORE LUHRS, LLC,

    Plaintiff,

v.

ALLIANZ GLOBAL & CORPORATE
SPECIALTY,

    Defendant.

_____/

## ORDER ON MOTION TO REMAND

Plaintiff Katchmore Luhrs, LLC originally filed this lawsuit to enforce a marine insurance contract in state court (i.e., the Eleventh Judicial Circuit in Miami-Dade County). [ECF No. 1-1]. Defendant Allianz Global & Corporate Specialty removed this action from state court on the basis of both admiralty and diversity jurisdiction. [ECF No. 1]. In its removal notice, Defendant represented that this Court has original jurisdiction over admiralty and maritime cases pursuant to 28 U.S.C. § 1333, and that such cases can be removed to federal court under 28 U.S.C. § 14441(a). Additionally, Defendant represented that the amount in controversy exceeds $75,000 and that the parties are citizens of different states, which means this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff moves to remand [ECF No. 14] this case on four grounds: (1) Defendant failed to establish that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332; (2) the marine insurance contract is not within the Court's admiralty jurisdiction under 28 U.S.C. § 1333; (3) the savings to suitors clause prevents removal on admiralty grounds; and (4) public policy favors remand.

Notably, Plaintiff's motion does not raise the issue of whether the parties are actually diverse or whether Defendant met its burden of establishing diversity. However, in its *reply* memorandum [ECF No. 34], Plaintiff argues that Defendant did not satisfy the burden for establishing complete diversity in the Notice of Removal.[1]

But it is improper for a party to raise a new argument in its reply. S*ee Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) ("Because it is improper for [the party] to raise this new argument in its Reply brief, the argument will not be considered") (citing *Herring v. Sec. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court")). Accordingly, the Court will not consider this argument from the reply memorandum at this time.[2]

---

[1] It is important to note for the reasons described further below that Plaintiff only argues that Defendant did not meet its *burden*, it does not actually **deny** diversity.

[2] The Court notes that where a plaintiff fails to actually deny the existence of diversity (choosing instead to simply claim the pleadings were insufficient), other courts in this district have held that the notice of removal's allegations that the parties are diverse **established** diversity jurisdiction. *See Katz v. J.C. Penney Corp., Inc.*, No. 09-

Defendant opposes Plaintiff's motion, arguing that an admiralty claim can be properly removed to federal court, and if not, that there is an independent ground for federal jurisdiction in diversity. [ECF No. 31]. As noted above, Plaintiff filed a reply memorandum. [ECF No. 34]. The matter is now ripe for review. For the reasons outlined below, the Undersigned **denies** Plaintiff's remand motion.

**Legal Standard and Analysis**

Much of the briefing focuses on the issue of whether it is proper for Defendant to remove a case from state court on the basis of admiralty jurisdiction in the absence of an independent ground for federal jurisdiction (i.e. diversity jurisdiction). The parties assert divergent positions as to what the law actually is on this issue. However, that issue is relevant only when there is not an independent basis for federal jurisdiction. Thus, the Court need not reach the admiralty issue at all if diversity jurisdiction is established.

---

CV-60067, 2009 WL 1532129, *2-3 (S.D. Fla. June 1, 2009) ("Plaintiffs fail to deny the existence of diversity and fail to allege any facts to demonstrate that diversity does not in fact exist. This Court concludes that Defendant has sufficiently alleged the citizenship of Plaintiffs. It is well established that a party's residence is *prima facie* evidence of a party's domicile."); *Huchon v. Jankowski*, No. 06-10094, 2007 WL 221421 (S.D. Fla. Jan. 25, 2007) ("As plaintiff merely argues the pleading is insufficient, but does not contest the existence of actual diversity, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Remand . . . is DENIED."). *See also Tahiti Gardens Assocs., LLC v. Glencoe Ins. Ltd.*, No. 15-cv-20983, ECF No. 41, p. 9 (S.D. Fla. Mar. 27, 2015) (denying motion to remand and explaining that where the diversity of parties was not in dispute, that allegations of diverse parties established a "prima facie basis sufficient to deny the pending motion to remand").

The Undersigned finds that Defendant has sufficiently pled diversity in its removal notice [ECF No. 1][3] and takes that as prima facie establishment of diversity that Plaintiff does not actually deny. Accordingly, the remaining contested issue under Section 1332 is whether the amount in controversy supports removal.

Where, as here, the Complaint [ECF No. 1-1] and Amended Complaint [ECF No. 67] seek an unspecified amount of damages, Defendant must establish the amount in controversy by a preponderance of the evidence. *See Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). When applying this standard, the Court must construe the removal statutes narrowly because there is a strong presumption against federal jurisdiction in the context of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Conclusory allegations of the jurisdictional amount, without setting forth the underlying factual basis, are not sufficient to meet a defendant's burden. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). Furthermore, a court will not conduct "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

---

[3] "At the commencement of this action, and at the time of filing this Notice of Removal, Allianz Global Risks U.S. Insurance Company, was and is an Illinois corporation, incorporated and existing under the laws of the State of Illinois, and has its principle place of business in Chicago, Illinois. Therefore, it is a not a citizen of the State of Florida. . . . Plaintiff is a Florida limited liability company and has its principal place of business in Florida. Therefore, it is a citizen of the State of Florida." [ECF No. 1, p. 4].

4

Plaintiff's Amended Complaint states that "the subject policy of insurance provides for $71,500.00 in coverage that has not been rendered to [Plaintiff] and is contractually due." [ECF No. 67, p. 8]. Additionally, the insurance policy at issue lists $71,500 as the amount of the policy, including $60,000 for the loss of the vessel itself, $10,000 for loss of fishing equipment, and $1,500 for loss of charter hires. [ECF No. 5-4, pp. 7-8]. The Eleventh Circuit has held that for jurisdictional purposes, the face value of insurance policies may constitute the amount in controversy. *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996). Accordingly, based upon the policy at issue alone, the amount in controversy is *at least* $71,500. In the Amended Complaint, Plaintiff expressly states as such as well: "Plaintiff believes the ultimate amount in controversy is $71,500[.]"

In addition to recovery under the insurance policy, Plaintiff also seeks recovery of attorney's fees under Florida Statute 624.155(4), which allows for fees for an insurance carrier's bad faith conduct, and Florida Statute 627.428(a), in which fees are assessed for a wrongful denial of coverage. [ECF No. 67, pp. 12-15].

In calculating the amount in controversy for purposes of federal diversity jurisdiction, the Eleventh Circuit holds that "when a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) (affirming that when

statutory cause of action entitles a party to recover reasonable attorney's fees, the amount in controversy includes consideration of the amount of those fees). Thus, the Undersigned must now determine whether Plaintiff's attorney's fees may exceed $3,500. For the following reasons, I conclude that reasonable fees in this action would easily exceed that amount.

In ascertaining whether a complaint's allegations support removal, the Court may make "reasonable deductions" and use "common sense" to determine if removal is proper. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount") (internal quotations omitted). *See also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1061.

A review of the record here makes clear that Plaintiff's counsel has incurred more than $3,500 in attorney's fees. As attested to by defense counsel [ECF Nos. 1, p. 6; 31, p. 17], Plaintiff's counsel engaged in significant work on this case *before* removal, including: drafting a Civil Remedy Notice pursuant to Florida Statute 624.155; consulting an independent insurance adjuster; researching the legal issues of this case;

6

investigating the factual issues of this case; drafting letters to the insurer; drafting the complaint; drafting notices of availability before removal; drafting notices of deposition before removal; engaging in substantial communications between the parties' counsel; and conducting the parties' scheduling conference in person.

Additionally, after the matter was removed to federal court, the parties have engaged in *substantial* activity on the record. Plaintiff has: filed this motion to remand [ECF No. 14], filed the reply in support of the remand motion [ECF No. 34], filed the response to the dismissal motion [ECF No. 13], participated in a scheduling conference [ECF No. 32], engaged in multiple discovery disputes which involved multiple hearings before the Undersigned and dueling sanctions motions [ECF Nos. 36; 37; 38; 43; 45; 55; 56; 57; 58], and filed a motion for clarification [ECF No. 64] concerning one of the discovery hearings. In addition, the source materials submitted for the hearings and the discussions at the hearings themselves revealed significant time expended by Plaintiff's counsel in communication with Defendant's counsel. Thus, from all of the evidence on the record, the Undersigned deduces that Plaintiff has expended far beyond $3,500 in attorney's fees since the inception of this case. Thus, the statutory amount of $75,000 is met.

Plaintiff makes one final argument to support its remand motion -- that the State of Florida has an interest in keeping the matter in state court [ECF No. 14, pp. 19-20]. This argument is entirely unconvincing and has no bearing on removal for diversity.

7

The removal statute, 28 U.S.C. § 1441, creates a right to remove, and once the requirements have been satisfied, removal is proper. *See Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 61-62 (11th Cir. 2006) ("28 U.S.C. § 1441(a) permits a defendant to remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction."). Plaintiff presents no legal basis under which the state interest can undermine the right to federal removal. Accordingly, this argument is rejected.

**Conclusion**

Accordingly, the Undersigned **denies** Plaintiff's motion to remand because Defendant sufficiently pled that the parties are diverse and the amount in controversy exceeds $75,000.

**DONE and ORDERED** in Chambers, in Miami, Florida, May 3, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record