**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-23420-CIV-GOODMAN**

**[CONSENT CASE]**

KATCHMORE LUHRS, LLC,

      Plaintiff,

v.

ALLIANZ GLOBAL & CORPORATE
SPECIALTY, et al.,

      Defendants.

_____/

## ORDER STRIKING MOTION TO COMPEL APPRAISAL

The Undersigned strikes Plaintiff's motion to compel appraisal [ECF No. 80] for

failure to have a good faith pre-filing conferral before filing the motion. In the motion,

Plaintiff included a "certificate of good faith," contending that its counsel "made

reasonable efforts to confer with all parties and non-parties who may be affected by the

relief sought in the motion, by way of correspondence to Defendants' counsel." The

certificate did not explain <u>when</u> the correspondence was sent.

In their response in opposition [ECF No. 84], Defendants took the position that

Plaintiff failed to comply with Local Rule 7.1(a)(3)'s good faith conferral requirement. In

support, Defendants attached an email which Plaintiff's counsel sent on May 19, 2016,

at 2:11 p.m., asking about the defense position on appraisal. Approximately **one hour**

later, at 3:29 p.m., without hearing back from defense counsel, Plaintiff's counsel filed the motion for an appraisal.

Plaintiff has not filed a reply, and the time to do so has long expired. Therefore, the Undersigned accepts the factual version proffered by Defendants. In addition, the Undersigned has reviewed the letter and the CM/ECF docket, which confirm the timing described above.

Sending an email which does not even contain a requested deadline for a response and then filing a motion approximately one hour later without hearing back from opposing counsel is hardly a good faith effort to confer. Far from it. Thus, Plaintiff's representation that he made a "good faith" effort to confer by making "reasonable efforts" is simply incorrect. The effort was patently *un*reasonable. *Royal Bahamian Assoc., Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297 (S.D. Fla. 2010) (imposing attorney's fees for failure to comply with local rule pre-filing conferral requirement). *Cf. QBE Ins. Corp. v. Jorda Enterprises, Inc.,* 280 F.R.D. 694, 699, n.7 (S.D. Fla. 2012).

Therefore, the Undersigned strikes the motion (albeit without prejudice) and enters an attorney's fees award against Plaintiff's counsel in the amount of $150. *Cheshire v. Bank of Am., NA,* 351 F. App'x 386, 387 (11th Cir. 2009) (local rules have "the

force of law" and should be followed). Counsel may not pass on this fees award to his client, either directly or indirectly, as a cost.[1]

The payment shall be made by July 7, 2016. Plaintiff's counsel shall arrange to submit an affidavit by July 8, 2016, attesting to the compliance. The affidavit shall not be filed on CM/ECF. Instead, it will be submitted to the Court's efile inbox (goodman@flsd.uscourts.gov).

If either party (or either defense attorney) objects to either the fees award itself or the amount of the fees, then that party or attorney can file a written objection and the Undersigned will hold a hearing and postpone compliance until a ruling on the objection has been issued. If the Court holds a hearing, then the time incurred in preparing for and attending the hearing might also lead to an adjustment (upward or downward) of the fees award, depending on the results.

**DONE and ORDERED** in Chambers, in Miami, Florida, June 28, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

[1]     The Undersigned does not consider this expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unsuccessful or incorrect positions. Thus, this Order would not require Plaintiff's counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if he had ever been sanctioned or disciplined.

<u>Copies furnished to</u>:
All Counsel of Record