UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-23420-CIV-GOODMAN

[CONSENT CASE]

KATCHMORE LUHRS, LLC,

    Plaintiff,

v.

ALLIANZ GLOBAL & CORPORATE
SPECIALTY, et al.,

    Defendants.
_____/

### ORDER GRANTING MOTION TO ABATE, OR STAY, COUNTS III & IV OF THE AMENDED COMPLAINT

Plaintiff Katchmore Luhrs, LLC originally filed this lawsuit to enforce a marine insurance contract in state court (i.e., the Eleventh Judicial Circuit in Miami-Dade County). [ECF No. 1-1]. Defendant Allianz Global & Corporate Specialty ("Allianz") removed this action from state court on the basis of both admiralty and diversity jurisdiction. [ECF No. 1]. Plaintiff amended the original complaint to add a second Defendant, AGCS Marine Insurance Company ("AGCS"). [ECF No. 67]. Defendants each filed motions to dismiss [ECF Nos. 71; 72], but the Court denied both motions [ECF No. 135].

Both Defendants later filed a motion to abate [ECF No. 182] Counts III and IV of the Amended Complaint, arguing that they are bad faith claims which were

prematurely filed because the underlying, threshold claim for breach of the insurance contract has not yet been resolved. Plaintiff filed a response in opposition [ECF No. 207] and Defendants filed a reply [ECF No. 208].

The issue is ripe, and the Undersigned **grants** the motion for the reasons outlined below.

**Relevant Background**

Count I of the Amended Complaint is for breach of contract. The contract at issue is the insurance policy issued to Plaintiff. Count III is entitled "failure to settle claim in good faith," and it is based on Florida Statute § 626.9541(1)(i)(3)(a), which Plaintiff alleges Defendants violated. Count IV, labeled "Violation of § 624.155 of Florida Statutes," alleges that Defendants violated that statute by "not attempting in good faith to settle claims." It further alleges that Defendants' conduct is "unconscionable, unfair and deceptive as well as willful[.]"

**Applicable Legal Principles and Analysis**

A cause of action for an insurer's bad faith refusal to settle does not accrue until the insured has demonstrated a breach on the insurer's part. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). In *Blanchard*, the Supreme Court of Florida answered questions of law certified by the Eleventh Circuit Court of Appeals and held that a first-party bad faith action by an insured against an insurer does not

accrue until it is established that the insurer breached its duties under the insurance contract. *Id.* at 1291. The Court stated, in pertinent part:

> [A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue.

*Id.* at 1291.

The same logic has also been applied to bad faith claims arising from improper actions in the course of dealing and investigating claims. *See Lane v. Provident Life & Acc. Ins. Co.*, 71 F. Supp. 2d 1255, 1256-57 (S.D. Fla. 1999) (abating claim arising under Fla. Stat. § 626.954(1)(i)).

Florida law requires that a final determination as to coverage and the actual extent of the insured's loss be determined before a statutory bad faith claim can proceed. *See, e.g., Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20, 20-21 (Fla. 4th DCA 2007) (finding that the trial court should have dismissed or abated the bad faith claim while suit was pending for uninsured motorist benefits); *see also Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) (following *Blanchard* and noting that a bad faith claim brought prematurely should be dismissed as premature, not subject to summary judgment).

No such determination has been made in this case. In fact, that is what Count I is about.[1]

It is true that the Court found that "Plaintiff's claim in Count III is separate and distinct from Count IV in that it deals with § 626.9541, which regulates unfair methods of competition and unfair or deceptive acts or practices, not 'bad faith,' as is alleged in Count IV." [ECF No. 135, p. 8]. But that Order did not discuss abatement and did not discuss whether a statutory bad faith claim could go forward before liability on the insurance contract was established.

Florida Statute § 626.9541 "is a regulatory statute . . . which is designed to protect the public welfare from unscrupulous insurance practices[;] . . . it cannot be construed to establish civil liability." *Buell v. Direct General Ins. Agency, Inc.*, 488 F. Supp. 2d 1215, 1217 (M.D. Fla. 2007), *aff'd* 267 F. App'x 907, 909 (11th Cir. 2008) (citing *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 986 (Fla. 1994) (observing that a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity will not be construed as establishing civil liability).

As the *Buell* Court explained, the statute authorizing a private right of action for violation of this section of the Florida Statutes is Florida Statute § 624.155(1)(a)1-5.

---

[1] Although this Court ultimately denied the Defendants' motion to dismiss, without prejudice, the Court's Order does not make reference to the abatement issue. As noted above, Florida law requires that a final determination as to coverage and the actual extent of the insured's loss be determined before a statutory bad faith claim can proceed.

Specifically, "[s]ection 624.155(1)(a)1—5 provides in pertinent part that '[a]ny person may bring a civil action against an insurer when such person is damaged: By a violation of any of the following provisions by the insurer: Section 626.9541(1)(i), (o), or (x); Section 626.9551; Section 626.9705; Section 626.9706; Section 626.9707.'" *Id.* Therefore, the only way Plaintiff can properly sue either Defendant for alleged violations of Florida Statutes §§ 626.9541(1)(o)(1), 626.9541(1)(i)(3)(a), and 626.9541(1)(i)(3)(d) is through the civil action established by Florida Statute § 624.155. *Buell,* 488 F. Supp. 2d at 1217.

Thus, the same prerequisites to suit which apply to Count IV also apply to Plaintiff's Count III. Plaintiff needs to *first* establish liability and the extent of its damages on the contract before its claims under Count III (or Count IV) are ripe. As a result, Count III is premature and is also subject to abatement.

**DONE and ORDERED** in Chambers, in Miami, Florida, December 19, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record