**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-CIV-23420-GOODMAN**

**[CONSENT CASE]**

KATCHMORE LUHRS, LLC

      Plaintiff,

v.

ALLIANZ GLOBAL CORPORATE
& SPECIALTY, and AGCS MARINE
COMPANY,

      Defendants.

_____/

### ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In the 1983 song "Everything Counts," British electronic/new wave band Depeche Mode musically discussed contracts: "The handshake / seals the contract / from the contracts / there's no turning back."[1] In the instant case, however, focusing on which party did **not** enter into an insurance contract seals the deal in the sense that the Court is not turning back from granting a summary judgment motion filed by Defendant Allianz Global Corporate & Specialty ("Allianz").

Allianz filed a summary judgment motion [ECF No. 210] concerning all four counts of the Amended Complaint. Basically, Allianz's argument is that it is merely a registered trademark, not a legal entity. Therefore, Allianz's motion emphasizes that it was not a party to the underlying contract (i.e., the insurance policy issued to Plaintiff

---

[1] On CONSTRUCTION TIME AGAIN (Mute Records 1983).

Katchmore Luhrs, LLC ("Katchmore")) and that there is consequently no privity between it and Katchmore.

As is typical for this case (i.e., more than 245 docket entries for a case involving a $60,000 insurance policy), the briefing has been comparatively voluminous. In addition to submitting the summary judgment motion, Allianz filed a statement of facts, notices of filing affidavits, a reply memorandum, a notice of filing deposition transcript, an amended reply and another notice of filing another deposition transcript [ECF Nos. 211; 212; 213; 235; 236; 246; 247]. Katchmore filed an opposition memorandum and a later-submitted statement of disputed facts. [ECF Nos. 231; 245].

Two of the counts at issue in the summary judgment motion, however, have been abated and stayed because Katchmore must first establish liability and the extent of damages under the insurance policy contact before its claims under Counts III and IV are ripe. The Order abating these two claims [ECF No. 228] stayed the counts for failure to settle in good faith (Count III) and a violation of Florida Statute § 624.155 (Count IV).

Unfortunately, a substantial portion of the briefing concerned these two abated counts.

In any event, for the reasons outlined in greater detail below, the Undersigned grants Allianz's summary judgment motion as to Counts I (breach of the insurance policy contract) and Count II (for an appraisal). The Undersigned previously denied Plaintiff's motion for an appraisal. [ECF No. 109]. At bottom, the Undersigned is

granting Allianz's motion because it is not a party to the contract and therefore cannot be found liable for breach of contract or for a remedy -- i.e., an appraisal -- dependent on the contract. This result occurs regardless of whether Allianz is a legal entity because, even if it is a legal entity and not solely a trade name (and the record evidence is that it is *not* a legal entity), the undisputed fact is that it is **not a party to the contract.**

**PROCEDURAL DEFECTS**

Plaintiff did not file an adequate statement of disputed facts in response to the statement of undisputed material facts which Allianz filed in support of its summary judgment motion. Months after filing its opposition to the summary judgment motion, Plaintiff received my order on a different summary judgment motion (i.e., one jointly filed by Allianz and Codefendant AGCS Marine Insurance Co.). In that Order [ECF No. 238], I pointed out that Plaintiff filed to submit a proper response to the statement of undisputed facts, so Plaintiff then filed a motion in this case for leave to file a belated Statement of Disputed Facts [ECF No. 240]. The Undersigned granted [ECF No. 243] the motion (over Allianz's objection) and Katchmore submitted a document it described as a Statement of Disputed Facts [ECF No. 245].

But that Statement is also inadequate.

Under Local Rule 56.1, the Undersigned has authority to deem as admitted all the facts submitted by Defendant in support of its arguments. As the plain language of Local Rule 56.1 states, "(a): A motion for summary judgment **and the opposition**

3

**thereto** shall be accompanied by a **statement** of material facts as to which it is contended . . . there does exist a genuine issue to be tried[.]" S.D. Fla. L.R. 56.1(a) (emphasis supplied). The local rule requires that such statement "(1) Not exceed ten (10) pages in length; (2) Be **supported by specific references** to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court; and (3) Consist of separately numbered paragraphs." *Id.* (emphasis supplied).

Failure of a respondent to file a statement of disputed facts, in the format as required above, causes "[a]ll material facts set forth in the movant's statement" to be "deemed admitted unless controverted by the opposing party's **statement**[.]" S.D. Fla. L.R. 56.1(b) (emphasis added).

Plaintiff's Statement of Disputed Facts, filed after it was specifically advised that another summary judgment opposition it filed violated the local rule because it did not submit a proper response to Defendants' statement of undisputed facts, merely listed which paragraphs it disputes. It did not explain why -- and it surely did not include specific references to record evidence (such as deposition testimony or interrogatory answers).

When a party properly complies with Local Rule 56.1, it is relatively easy for a court to determine whether there is a genuine disputed issue of fact. Basically, all a court needs to do is to look at the opposing statement of material facts on a paragraph-by-paragraph basis, see whether any paragraphs are designated as disputed and then

make note of the evidentiary reasons for the dispute. When a party does not comply with the Local Rule by referencing record evidence, however, then it is exceedingly difficult for a court to discern if there is an actual factual dispute concerning a specific paragraph. A court needs to review the entire opposing memorandum and exhibits to determine whether there is a sound factual basis for saying that a point deemed factually undisputed by the movant is actually disputed.

This can be an arduous process, and, in any event, generates unnecessary work for the court and its staff.

Apparently, Plaintiff intends for the Undersigned to comb through its barebones statement of disputed facts and then sift through it, the opposition memorandum and exhibits to determine whether I can accept Plaintiff's contention that a purported undisputed fact is actually in dispute.

Plaintiff's approach, contrary to the local rule, requires me to, in effect, do its job.

But "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991); *see also Chavez v. Sec'y Fla. Dept. of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("judges are not required to ferret out delectable facts buried in a massive record, like the one in this case"). The local rule is unambiguous: it requires specific references to record evidence in the statement of undisputed facts or the opposition to that statement (i.e., a *de facto* statement of disputed facts).

Plaintiff did not follow a basic procedural requirement of Local Rule 56.1. Initially, its opposition failed in many procedural respects. But Plaintiff's continued failure to follow the local rule is particularly problematic now because it occurs after the Court exercised discretion and permitted it to file a statement of disputed facts long after it filed its opposition memorandum.

Its continued lack of compliance is disappointing, to say the least, and the Court undoubtedly has the discretion to deem all of Allianz's undisputed facts admitted and then enter summary judgment in Defendant's favor as Plaintiff's defective response essentially leaves the Court with "the functional analog of an unopposed motion for summary judgment." *Lugo v. Carnival Corp.*, 154 F. Supp. 3d 1341, 1343 (S.D. Fla. 2015) (admitting facts from defendant's undisputed material facts statement after reviewing the record based on plaintiff's violation of Local Rule 56.1); *Regions Bank v. 62' Ocean Sport Fish*, No. 13–20966–CIV, 2014 WL 4055707, at *2 (S.D. Fla. Aug. 14, 2014) (admitting undisputed facts in plaintiff's statement supported by the record based on defendants' violation of Local Rule 56.1).

In *Rives v. Lahood*, the Eleventh Circuit addressed a somewhat analogous situation where the non-moving party violated the local rule by failing to file an opposing statement of facts. 605 F. App'x 815, 818 (11th Cir. 2015). The *Rives* court held that the district court had not erred in accepting the movant's statement of facts as true when the non-movant failed to file a counter-statement of material fact. *Id.*

It is not my role, when reviewing a summary judgment motion, to make arguments for Plaintiff (or evaluate non-compliant submissions to discern whether they create a factual dispute) so that its lawsuit (or certain claims in the lawsuit) may proceed to trial in the face of a comprehensive, evidence-laden submission from Defendants.

Because Plaintiff has not filed an acceptable statement of disputed material facts, the Court *could* treat all of Defendant's statement of undisputed facts as true. *See Johnson v. Sch. Bd. of Broward Cty.*, Case No. 07-60797-CIV, 2008 WL 5427789, at *2-3 (S.D. Fla. Dec. 30, 2008) (finding local rule requires that a statement of disputed facts include reference to supporting evidence and deeming facts disputed by plaintiff but not supported by record evidence as admitted).

However, it is clear that Plaintiff stridently contends that there are some factual disputes (even though Plaintiff did not properly reference the evidence demonstrating the dispute in the statement of disputed facts it ultimately filed with leave of court). The Plaintiff's position is insufficient to create a factual dispute which would prevent summary judgment in Allianz's favor because, perhaps most importantly, Katchmore **admitted** sufficient facts to support the entry of summary judgment in Allianz's favor on Counts I and II.

Specifically, Plaintiff admitted that Allianz is not named as a contracting party in the insurance policy contract it claims was breached by AGCS, the codefendant who

7

Plaintiff admits **issued** the insurance policy contract to Katchmore. This alone is adequate to demonstrate the lack of privity between Katchmore and Allianz, a scenario which is fatal to the first two counts of the Amended Complaint.

**FACTUAL BACKGROUND**

This lawsuit arises from a coverage dispute under a marine insurance contract issued to Katchmore by AGCS. The vessel insured under the policy, M/Y Katchmore Luhrs (the "vessel"), sunk on January 1, 2015.

On April 10, 2015, Katchmore filed this lawsuit against Allianz, not AGCS. Allianz removed the lawsuit to federal court and advised Plaintiff's counsel that it had named the wrong party as a defendant. On April 1, 2016, Plaintiff filed an amended complaint. Instead of dismissing Allianz and substituting AGCS as a party defendant, Katchmore added AGCS. The parties have been fighting over that ever since, and the summary judgment motion flows from Allianz's contention that it cannot be named in contract-based counts because it is not a legal entity and there is no contractual privity between Plaintiff and Allianz.

Plaintiff admits that AGCS issued the insurance policy contract and that AGCS is named in the policy as the contracting party. Allianz has submitted affidavits establishing that Allianz is a registered trademark and is not a legal entity. In fact, it has submitted a copy of the service mark from the United States Patent and Trademark Office. [ECF No. 213-1].

But Plaintiff argues that there are still factual disputes which prevent the entry of summary judgment in Allianz's favor. It challenges Allianz's evidence that it is merely a trademark and not a legal entity based on the following: (1) a lawsuit filed by Allianz in a different case in a different district; (2) the insurance policy contract that includes the name Allianz in two spots; (3) an insurance adjuster's statement where she claims she works for Allianz and her website says she works for Allianz; and (4) the fact that Allianz sent a letter to Plaintiff on Allianz's letterhead.

As analyzed below, these arguments are not well taken. For the most part, they have been taken out of context and do not generate a *bona fide* factual dispute about whether Allianz is a legal entity. But the arguments are not convincing for another reason: it does not matter here whether Allianz is a legal entity because it simply did not enter into the insurance policy contract, and Katchmore has not demonstrated why Allianz should be responsible for the contractual debts of AGCS.

**APPLICABLE LEGAL STANDARDS**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal citation and marks omitted). If the movant establishes the absence of a genuine issue, then the non-movant must "do more

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

For issues on which the opposing party will have the burden of proof at trial, the movant can prevail by merely pointing out that there is an absence of evidence to support the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

An issue of fact is genuine "if the record taken as a whole could lead a rational tier of fact to find for the nonmoving party." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In applying this standard, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the summary judgment motion. *Id.* at 646 (internal citation omitted).

Nevertheless, the non-movant cannot defeat summary judgment by: (a) "rest[ing] upon mere allegations or denials," *Woolsey v. Town of Hillsboro Beach*, 541 F. App'x 917, 919 (11th Cir. 2013); (b) "simply *saying* the facts are in dispute," *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, No. 12-22539, 2014 WL 7272974, at *7 (S.D. Fla. Dec. 18, 2014); or (c) relying on "evidence that is merely colorable or not significantly probative," *Fields v. Gorman*, No. 09-61466, 2010 WL 3769396, at *3 (S.D. Fla.

10

Sept. 3, 2010). "Rhetoric and attorney argument are no substitute for record evidence." *Latele*, 2014 WL 7272974, at *7.

To the contrary, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported summary judgment motion. *Anderson*, 477 U.S. at 252. Indeed, "Rule 56 mandates the entry of summary judgment, upon motion, against a party who fails to make a showing sufficient to establish an element essential to his case on which he bears the burden of proof at trial." *Schechter v. Ga. State Univ.*, 341 F. App'x 560, 562 (11th Cir. 2009) (citing *Celotex*, 477 U.S. at 322).

Conclusory allegations, subjective beliefs, opinions, and unsupported assertions are insufficient as a matter of law to withstand summary judgment. *See Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (finding that conclusory allegations and conjecture cannot be the basis for denying summary judgment); *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir. 1987) ("[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of . . . intentional discrimination[.]"); *St. Hilaire v. The Pep Boys–Manny, Moe & Jack*, 73 F. Supp. 2d 1350, 1359 (S.D. Fla. 1999) ("[a plaintiff's] mere belief, speculation, or conclusory accusation that he was subject to discrimination will not suffice to create an inference of discrimination or satisfy his burden when responding to a properly supported motion for summary judgment.").

**ANALYSIS**

All of Plaintiff's claims asserted in Counts I and II of its Amended Complaint are premised on Plaintiff's alleged contractual relationship with Allianz. [ECF No. 67]. It is hornbook law that privity of contract "is essential to the maintenance of an action on any contract[.]" *Sumitomo Corp. of Am. v. M/V Saint Venture,* 683 F. Supp. 1361, 1369 (M.D. Fla. 1988).

Little discussion is required to see that there is a distinct lack of privity between Allianz and Plaintiff. The plain language of the policy establishes that it was issued by AGCS and not Allianz. The policy states: "[t]his policy is a **legal contract between you and AGCS Marine Insurance Company.**" [ECF No. 211-1, p. 5] (emphasis added). Any doubt of the identity of the issuer is dispelled by eight (8) of the nine (9) endorsements to the Policy which expressly state that the endorsements are "ATTACHED TO AND FORMING PART OF POLICY NO. OHL9200060626- KATCLUH-01 of the **AGCS MARINE INSURANCE COMPANY**." [ECF No. 211-1, pp. 26-34].

In fact, the Policy provides in the event that the insured decides to sue its insurer, service of process must be made on "**AGCS Marine Insurance Company**." [ECF No. 211-1, p. 21]. Thus, it is clear that Plaintiff's insurance policy is with AGCS Marine, not Allianz.

Plaintiff rests its claim against Allianz on two limited references in the Policy to this trademark. Allianz appears in the Policy: (1) on the top left hand-side in the

copyright line of the first page of the Policy and (2) on page twenty-one (21) right above the "Privacy and Security Statement." [ECF No. 211-1, pp. 1, 21]. Allianz does not appear anywhere within the Policy's terms. Neither of these passing references is sufficient to create a contractual relationship where none exists.

In *Sandalwood Estates Homeowner's Association Incorporated v. Empire Indemnity Insurance Company,* 665 F. Supp. 2d 1355 (S.D. Fla. 2009), United States District Judge Kenneth L. Ryskamp dismissed a bad-faith claim brought against the parent company of the insurer on the basis that the policy "clearly identifies Empire as the insurer." *Id.* at 1359. Judge Ryskamp noted that while "Zurich's name appears on one page of the policy . . . . Zurich's name does not appear *within the terms of the policy so as to create an ambiguity as to which company is actually providing insurance coverage* . . . . Without that contractual relationship, an action for statutory bad faith cannot lie." *Id.* at 1359-60 (emphasis added) (internal citations omitted).

As noted above, Allianz is a registered trademark. This trademark is evidenced by the registration symbol ®. Whenever Allianz appears on any document, including the Policy, corporate letterhead, employee signature blocks, or an employee's LinkedIn accounts, that ® immediately follows. Allianz's Certificate of Interested Persons [ECF No. 8] identified this trade name at the inception of this case. Lorrie Leonard, corporate counsel who appeared as the designated corporate representative for Allianz, also attested to the fact that Allianz is a trademark that had no legal capacity.

Plaintiff continually emphasizes the testimony of Irene Zanetos and argues that Ms. Zanetos was "acting as the Corporate Representative for Defendant, AGCS MARINE." [ECF No. 231, ¶ 27]. Plaintiff is simply wrong. Darrin Kolbe, not Ms. Zanetos, appeared as the corporate representative for AGCS Marine. Ms. Zanetos is an adjuster who processed Plaintiff's claim and did <u>not</u> appear as a corporate representative. Ms. Zanetos specifically testified to her limited role:

> Q:  And so then to clarify that: Allianz Global Corporate & Specialty encompasses all of the underlying insurance companies?
>
> A:  It doesn't encompass. It's a trade name.
>
> Q:  But what company does the trade name denote?
>
> A:  The corporate entity of Allianz SE in the United States.
>
> Q:  I mean, if anyone can explain the corporate structure of the company that you work for, don't you think you would be the person - - with your intelligence and your legal and history background, to be the person who could do that?
>
> A:  No. I don't think my background or education has anything to do with explaining an individual company's corporate structure. I'm not the corporate designated. I don't work for the corporate office. I'm not corporate counsel. I'm a claims adjuster at a marine insurance company. That's all.

[ECF No. 231-1, pp. 67, 70-71].

Concerning the other lawsuit (*Allianz Global Corporate Specialty/AGCS Marine Insurance Co.,* Case No. 13-cv-05419 (S.D.N.Y., filed Aug. 2, 2013), the lawsuit did not specifically designate Allianz as a separate corporation; it lumps Allianz with AGCS

and described both names collectively as a "corporation." Moreover, that lawsuit ended after four docket entries, when Plaintiff's counsel wrote a letter to the Court, advising that the case had been settled. [ECF No. 4, S.D.N.Y. docket]. Lorrie Leonard, Allianz's Rule 30(b)(6) designee, was asked about the lawsuit in a deposition and explained that "the lawsuit that you're referencing is filed on behalf of Allianz Global Corporate & Specialty/AGCS Marine Insurance Company. AGCS Marine Insurance Company is a legal entity. It has the capacity to file lawsuits, be served. AGCS Global Corporate & Specialty does not." [ECF No. 236, p. 108].

Plaintiff also argues that Allianz's status as a separate legal entity is illustrated by the practical fact that it responded to discovery in this case. This is not convincing. In every discovery response, Allianz made crystal clear its objection that it is merely a trade name and not a party to the underlying contract.

Finally, the evidence is undisputed that Allianz does not issue insurance policies in Florida and does not qualify as an  "insurer" under Florida Statute § 624.03, which defines "insurer."

So Allianz is a trademark, is not a separate entity and cannot be separately sued. But Allianz would be entitled to summary judgment anyway, even if it were an actual legal entity (which it is not), because it never entered into a contract with Katchmore.

"Generally, a contract does not bind one who is not a party to the contract[.]" *Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1072 (11th Cir. 2003) (citing

*Consol. Res. Healthcare Fund L Ltd. v. Fenelus,* 853 So. 2d 500, 503-04 (Fla. 4th DCA 2003)).

Under Florida law, corporations are separate legal entities, and contracts made by a

parent corporation do not bind a subsidiary. *Whetstone,* 351 F. 3d at 1074.

Allianz is not a party to the contract. There is no privity between Allianz and

Katchmore and Allianz therefore has no contractual obligations to Plaintiff. As a result,

it is entitled to summary judgment on Counts I and II of Plaintiff's Amended

Complaint.

**CONCLUSION**

The Undersigned grants, in part, Defendant Allianz's summary judgment

motion. Specifically, I grant it on Counts I and II but defer a ruling on Counts III and IV

because they have been abated due to their premature presence in this case.

**DONE and ORDERED** in Chambers, in Miami, Florida, on January 31, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record